UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-23759-GAYLES/TORRES

**PAUL KING**,

    Plaintiff,

v.

**SOPHIA KING, MICHAEL KING,
LEV BUYANOVSKY, MARIANNA KING,
DIMITRY ROMANTSOV, DAMA FINANCIAL,
and WELLS FARGO**,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss Plaintiff's Complaint or For More Definite Statement (the "Motion") [ECF No. 9]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted.[1]

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[1] While the Motion sought dismissal of the claims as to Defendant Wells Fargo, the Court finds that the pleading deficiencies identified *infra* apply to Plaintiff's claims against all Defendants. Accordingly, dismissal is warranted as to all Defendants.

544, 570 (2007)). Pleadings must present "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citation omitted). Plaintiff's Complaint fails to meet the foregoing standards even under the relaxed pleading standard afforded to pro se litigants, *see Arrington v. Green*, 757 F. App'x 797–798 (11th Cir. 2018) (per curiam), because it is a shotgun pleading.

A complaint that violates Federal Rule of Civil Procedure 8 is "often disparagingly referred to as [a] shotgun pleading[]." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (internal quotation marks omitted). The Eleventh Circuit generally considers a complaint to be a shotgun pleading if it: (1) "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," *id.* at 1321; (2) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," *id.* at 1321–22; (3) fails to "separate[] into a different count each cause of action or claim for relief," *id.* at 1322–23; or (4) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," *id.* at 1323. Shotgun pleadings "fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests . . . and waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Arrington*, 757 F. App'x at 797 (citations omitted).

Here, Plaintiff's Complaint is a quintessential shotgun pleading. Plaintiff's allegations are supported by vague facts lacking sufficient detail for the Court to discern Plaintiff's claims. Moreover, Plaintiff improperly commingles the Defendants by failing to specify which claims

pertain to which Defendant. The Complaint is further deficient because some counts assert multiple causes of action.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint or For More Definite Statement, [ECF No. 9], is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED without prejudice**.

3. Plaintiff may file an amended complaint within thirty (30) days of this Order. Failure to do so will result in the Court dismissing this action **with prejudice**.

4. This case is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of December, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE